# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. 07-739-1 |
| v. : | |
| : | CIVIL ACTION NO. 12-1639 |
| VINCENT CARTER, : | |
| Defendant. : | |
| : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                                        **NOVEMBER 15, 2012**

Before the Court is Defendant Vincent Carter's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Motion will be denied.

### I. BACKGROUND

Because Defendant only challenges application of the U.S. Sentencing Guidelines during sentencing and does not allege trial error, the Court recounts only facts necessary to provide context for its decision.

On Sunday, September 2, 2007, Philadelphia Police Officers Tyrek Cunningham and Scott Lawrence were performing routine patrol of the Kingsessing neighborhood of Philadelphia, when they noticed a group of people standing in an alleyway on the 5200 block of Catherine Street.[1] The officers stopped their police car in front of 5238 Catherine Street, which is adjacent to the alleyway.[2] As they did so, several men ran from the alleyway and sat on the front steps of

---

[1] 6/24/2009 Trial Tr. (Doc. No. 99) 47, 109; Presentence Investigation Report ("PSR") ¶ 9.

[2] 6/24/2009 Trial Tr. 44, 47; PSR ¶ 9.

5238 Catherine Street.[3] The officers then saw Defendant shove a black object under a pile of carpets that were in the alleyway.[4]

The officers got out of their car, approached the group, and secured the premises.[5] Officer Lawrence then looked under the carpet pile in the alleyway and discovered a black and grey book bag.[6] After no one claimed ownership of the bag, Officer Lawrence opened the bag and discovered therein: (1) a membership list of the Tree Top Piru (TTP) Bloods gang, with Defendant's name listed at the top as "O.Y.G." ("original young gangster") a/k/a "Bla2kRum"; (2) a notebook which listed only "OYG, Bla2kRum," address 21 West Gangsta Avenue, and school "Hard Kno2k life"; (3) crack cocaine; (4) marijuana; (5) a hand gun; (6) gang manuals; and (7) red bandanas.[7]

On November 28, 2007, a Grand Jury in the Eastern District of Pennsylvania returned the Indictment in this case, charging Defendant with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 844(a)(1) (Count One); possession of marijuana also in violation of 21 U.S.C. § 841(a) (Count Two); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count Three); and felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) (Count Four).[8] Defendant pled not guilty to all counts and proceeded to trial.[9] On June 29, 2009, the jury found Defendant guilty of possession with intent

---

[3] 6/24/2009 Trial Tr. 47-48, 52; PSR ¶ 9.

[4] 6/24/2009 Trial Tr. 49-52, 110-12; PSR ¶ 9.

[5] 6/24/2009 Trial Tr. 52-53, 113; PSR ¶ 11.

[6] 6/24/2009 Trial Tr. 52-53, 113-14.

[7] 6/24/2009 Trial Tr. 54-65, 111-16; PSR ¶ 11.

[8] Doc. No. 1.

to distribute cocaine base, possession of marijuana, and possession of a firearm by a convicted felon, acquitting Defendant of the count of possession of a firearm in furtherance of a drug trafficking crime.

The Court thereafter set a date for sentencing and ordered that a presentence investigation report ("PSR") be prepared. On November 16, 2009, the PSR was prepared and then disclosed to the parties. Defendant objected the PSR's application of a four-level enhancement to his base offense level pursuant to federal Sentencing Guidelines ("USSG") § 2K2.1(b)(6) for using or possessing a firearm in connection with another felony offense.[10] At sentencing, defense counsel argued that the four-level enhancement should not apply because the jury acquitted Defendant of possession of a firearm in furtherance of a drug trafficking crime.[11] The Court overruled the objection and applied the enhancement, explaining that based on a preponderance of the evidence presented at trial Defendant possessed a firearm "in connection with" the possession of cocaine base and marijuana.[12] More specifically, the Court found that the proximity of the gun to the drugs and other gang-related materials in addition to expert testimony presented at trial which explained the use of firearms to facilitate the distribution of narcotics supported the Court's conclusion that the firearm was possessed in connection with the possession of the drugs.[13]

---

[9] Doc. No. 6.

[10] See Gov't Ex. C.

[11] Sentencing Tr. ("Tr.") 11-17, January 13, 2010 (Doc. No. 122);

[12] Tr. 17-26.

[13] Tr. 25-26

The § 2K2.1(b)(6) enhancement resulted in an advisory guideline range of 92-115 months of imprisonment.[14] The Court sentenced Defendant to 96 months of imprisonment on Counts One and Four and 90 days on Count Two with all terms to run concurrently, imposed a six-year term of supervised release, a $2,500 fine, and a $300 special assessment.[15] Defendant filed an appeal, raising two issues: (1) the Court's denial of his motion to exclude gang materials; and (2) the Court's rulings regarding juror misconduct.[16] The Third Circuit affirmed on both issues.[17] Defendant thereafter filed the *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 now before the Court.[18]

In his § 2255 Motion, Defendant raises three grounds that he asserts warrant resentencing: (1) the application of USSG § 2K2.1(b)(6), which increased Defendant's base offense level by 4 points as discussed above (Ground One); (2) the application of USSG § 2K2.1(a)(4)(A), which gave Defendant a base offense level of 20 (Ground Two); and (3) defense counsel's ineffectiveness based on his failure to raise the § 2K2.1(b)(6) argument on appeal.[19]

---

[14] Tr. 36.

[15] Doc. No. 120.

[16] During deliberations, a question arose regarding whether a juror's general conversation with her daughter about drug quantities warranted a mistrial. See 6/29/12 Trial Tr. (Doc. No. 102) 12-27. The Court questioned the juror individually and the panel as a whole, and heard argument from the parties. Defense counsel moved for a mistrial; the Court initially took the motion under advisement pending a formal response from the Government, but then denied the motion just before the jury rendered their verdict. After the verdict, Defendant filed a Motion for a New Trial [Doc. No. 88], which the Court denied. Doc. Nos. 104-05. Defendant appealed, raising this issue and the Third Circuit affirmed. Doc. Nos. 121, 126.

[17] Doc. No. 126.

[18] Doc. No. 129.

[19] In his Petition, Defendant identifies the challenged Sentencing Guidelines as §§ 2K2.1(b)(5) and 2K2.1(a)(2). However, neither section was applied in this case. With respect to § 2K2.1(b)(5), while Defendant refers to subsection (b)(5) throughout his submissions, the cases upon which Defendant relies pertain to subsection

4

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner serving a sentence in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[20] "Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[21]

## III. DISCUSSION

**A.  Ground Two: Defendant's Base Offense Level (§ 2K2.1(a)(4)(A))[22]**

Guidelines § 2K2.1(a)(4)(A) provides that a defendant's base offense level is "20, if – (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Defendant argues

---

(b)(6), and it is the application of this subsection that Defendant challenged at sentencing. The Court therefore construes Defendant's petition as raising a challenge to the application of § 2K2.1(b)(6). With respect to § 2K2.1(a)(2), again this subsection did not apply in Defendant's case; § 2K2.1(a)(4)(A) did. The Court liberally construes Defendant's *pro se* filings as raising a challenge to the application of § 2K2.1(a)(4)(A). See Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011).

[20] 28 U.S.C. § 2255(a).

[21] United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989). Under ADEPA, a motion filed pursuant to § 2255 "is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003) (citing 28 U.S.C. § 2255). This one-year time limitation is not jurisdictional in nature and a defense based on the statute of limitations may be waived if the government fails to raise the issue. United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005) (en banc).

[22] The Court uses the Guidelines Manual in effect on the date that Defendant was sentenced. United States Sentencing Commission, Guidelines Manual, § 1B1.11(a) (Nov. 2009). Although the Presentence Report cites the Guidelines Manual incorporating amendments effective November 1, 2008, the Court applied the Manual in effect at the time of sentencing and there are no *ex post facto* issues.

5

that since he was sentenced, courts have "recognized a right that did not exist prior to Petitioner's sentencing hearing," and that this "new right" means that Guidelines § 2K2.1(a)(4)(A) should not have applied in his case.[23] According to Defendant, following the Sixth Circuit's decision in United States v. Mosley[24] and the Supreme Court's decision in Chambers v. United States,[25] "[t]his Honorable Court must now . . . make a factual and legal determination as to whether a [§] 924(a)(2) qualifies as a crime of violence under [§ 2K2.1(a)(4)]."[26] However, the application of Guidelines § 2K2.1(a)(4)(A) in Defendant's case was a result of Defendant's prior conviction for a controlled substance offense.[27] Therefore, whether 18 U.S.C. § 924(a)(2) qualifies as a crime of violence under § 2K2.1(a)(4)(A) is of no moment. Section 2K2.1(a)(4) was properly applied in light of Defendant's prior felony drug conviction, and its application does not provide a basis for habeas relief.[28]

**B.    Grounds One and Three: Four Level Enhancement to Defendant's Base Offense Level (§ 2K2.1(b)(6))**

In Ground One, Defendant asserts that the Court erred in enhancing his base offense level by four points pursuant to Guidelines § 2K2.1(b)(6), which provides that a Court is to increase a defendant's base offense level by 4 levels "[i]f the defendant-- . . . Used or possessed any firearm or ammunition in connection with another felony offense." This argument formed the basis of Defendant's objection to the Presentence Report and was the subject of oral argument during the

---

[23] Doc. No. 129 at 5.

[24] 575 F.3d 603 (6th Cir. 2009).

[25] 555 U.S. 122 (2009).

[26] Doc. No. 129 at 6.

[27] See PSR ¶ 19.

[28] PSR ¶ 19.

6

sentencing proceeding.[29] The Court found that the enhancement applied and on appeal, defense counsel did not raise the issue. The Government argues that Defendant's failure to raise this issue on direct appeal bars him from raising a claim based on this enhancement in his § 2255 motion.

Defendant acknowledges that the § 2K2.1(b)(6) claim was not raised on direct appeal, but asserts that counsel's ineffectiveness was the cause of his default. Defendant raises counsel's ineffectiveness both as cause to excuse the procedurally defaulted claim in Ground One of his § 2255 Motion and as a separate ground, Ground Three, in support of his habeas petition. Thus, whether counsel was ineffective for failing to raise a § 2K2.1(b)(6) argument on appeal is dispositive of both Ground Three, which raises this claim, and Ground One, which is procedurally defaulted absent a finding of cause for such default. The Court therefore addresses both grounds together.

"Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review. Put differently, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal."[30] However, courts may exempt a Defendant from this rule where he proves cause for the default and prejudice resulting therefrom.[31] Here, Defendant's failure to raise the § 2K2.1(b)(6) argument on appeal bars him from raising such claim in this proceeding absent a showing of cause and prejudice.

---

[29] See Sentencing Tr. ("Tr.") 11-26, January 13, 2010 (Doc. No. 122); see also PSR Addendum (Gov't Ex. C).

[30] Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

[31] Id. at 379.

7

"Ineffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default."[32] Ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established by the Supreme Court in Strickland v. Washington.[33] Under Strickland, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner.[34] Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[35] Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.[36] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[37] Similarly, an ineffective assistance of counsel claim is not established upon the showing that an error had an effect on the proceedings; rather, a defendant must show that there is a reasonable probability that the outcome would have been different in the absence of such errors.[38]

---

[32] Hodge, 554 F.3d at 379 (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991) and Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir.1992)).

[33] 466 U.S. 668 (1984).

[34] Id. at 687.

[35] Id. at 690.

[36] Lewis v. Horn, 581 F.3d 92, 106-07 (3d Cir. 2009).

[37] Singletary v. Blaine, 89 F. App'x 790, 794 (3d Cir. 2004) (citing Moore v. Deputy Comm'r of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir.1991)).

[38] Strickland, 466 U.S. at 694.

Here, counsel was not ineffective for failing to raise on direct appeal a claim regarding the application of § 2K2.1(b)(6) because such a claim lacks merit. As this Court explained at sentencing in ruling on Defendant's objection to the four-level enhancement, sufficient evidence was presented at trial to show by a preponderance of the evidence that the gun found in Defendant's bag was used "in connection with" his controlled substance offense.[39] Specifically, the gun was found in Defendant's bag with drugs and gang-related items, which showed Defendant was the leader of the TTP Bloods gang. At trial, the Court heard expert testimony regarding the use of guns in facilitating the distribution of narcotics, and Defendant has not offered an alternative explanation for the proximity of the gun and drugs, nor is there any reasonable inference of innocent possession.[40] The proximity of the gun to the drugs supports the application of the four-level enhancement "because the presence of a firearm has the potential of facilitating another felony offense,"[41] that offense being possession *with intent to distribute* cocaine base. Given the verdict of guilt for the possession with intent to distribute charge, the proximity of the gun to the drugs and other gang-related materials, evidence that Defendant was the leader of the gang and the lack of evidence of innocent possession, all evidence suffices to show a connection between the gun and the drugs.[42]

"[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquittal charge, so long as that conduct has been proven by a

---

[39] Tr. 25-26.

[40] Tr. 22, 25-26.

[41] U.S.S.G. § 2K2.1(b)(6), comment (n. 14(B)).

[42] United States v. West, 643 F.3d 102, 116 (3d Cir. 2011) (citing United States v. Loney, 219 F.3d 281, 289 (3d Cir. 2000)).

preponderance of the evidence."[43] Here, the jury acquitted Defendant of possession of a firearm *in furtherance of* a drug trafficking crime. However, this finding was based on the application of the proof beyond a reasonable doubt standard, not the preponderance of the evidence standard, applicable at sentencing. Moreover, § 2K2.1(b)(6) applies when a firearm is used *in connection with* another felony offense in that it "facilitated, or had the potential of facilitating" this other offense.[44] As stated, the Government proved by a preponderance of the evidence that the gun did so.

Defendant is unable to show that counsel's failure to raise the § 2K2.1(b)(6) argument on appeal was ineffective. Accordingly, he cannot show cause for procedural default of the claim asserted in Ground One of the § 2255 Petition based on counsel's ineffectiveness. Moreover, counsel's effectiveness is the subject of Ground Three and a finding that counsel was not ineffective for failing to raise this claim defeats the argument raised in Ground Three.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the grounds asserted in support of Defendant's § 2255 Motion lack merit, and consequently, the Motion will be denied. In addition, because Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued.[45]

An appropriate Order follows.

---

[43] United States v. Watts, 519 U.S. 148, 157 (1997).

[44] USSG § 2K2.1(b)(6), comment (n.14).

[45] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue. A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484 (internal quotation marks omitted).